IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) | Case No. 14 C 02486 |
| v. | ) ) | |
| ARMATO PAVING, INC., | ) ) ) | Honorable Thomas M. Durkin |
| Defendant. | ) | |

**PLAINTIFFS' MOTIONS TO REINSTATE THIS CAUSE
AND TO ENTER JUDGMENT CONSISTENT WITH THE
TERMS OF THE PARTIES' SETTLEMENT AGREEMENT**

Plaintiffs, the Laborers' Pension and Welfare Funds (the "Funds"), by their attorneys respectfully request this Court to reinstate the above captioned matter, and consistent with the Parties' Settlement Agreement, add Defendant Dean Armato, Sr. as an individual Defendant, and enter judgment against Defendants and in favor of the Funds. In support of this motion Plaintiffs state the following:

1. On or about October 6, 2014, the Parties entered into a Settlement Agreement And Release (the "Agreement"), covering the audited period of February 1, 2011 through April 30, 2014, to resolve the above captioned lawsuit. A copy of the Agreement signed by Dean Armato, Sr., as owner of Armato Paving, Inc., is attached hereto as Exhibit 1.

2. The terms of the Agreement (See Exh. 1 at ¶1) provide that, simultaneously with the

1

execution of the Agreement, Dean Armato, Sr. would sign Armato Paving, Inc.'s Installment Note (the "Note") with the Funds (See Exhibit 2, the Note), which is explicitly incorporated in the Agreement, and provides for the total payment amount of $132,976.32.

3. The terms of the Agreement (See Exh. 1 at ¶1) also provided that Dean Armato, Sr. would sign a Personal Guaranty ("Guaranty") and Commercial Security Agreement ("CSA"), indicating that he personally would guaranty the payment of $132,976.32 to the Funds. The Guaranty (Exhibit 3 attached hereto) and the CSA (Exhibit 4 attached hereto) are explicitly incorporated in the Agreement

4. The Agreement further provides that, if Armato Paving, Inc. (the "Company"), fails to pay either its Note or its ongoing monthly contributions, it shall be deemed in default within five (5) days after the date payments are due, or within five (5) days of a material breach of the terms of the Agreement or Note (Exh. 1, ¶4).

5. In the event of a default, the Agreement provides that the Funds will have the right to reinstate this action, and, upon motion in accordance with the Court rules and notice to the Company, it shall be entitled to entry of judgment by the Court against the Company and against Dean Armato, Sr., individually (Exh. 1, ¶4). The Agreement grants leave to amend the Complaint seeking judgment against Dean Armato, Sr. without further notice, and for all amounts due as described in the Agreement, Note, Guaranty and CSA, plus the reasonable attorneys' fees incurred by the Funds to obtain the judgment order (Exh. 1, ¶4).

6. Additionally, according to the Agreement, the Company and Dean Armato, Sr., are not permitted to raise defenses to bar judgment of the unpaid balance (Exh. 1, ¶5). The Note also contains an acceleration clause enabling the Funds to collect the full amount remaining on the Note

if the Company defaults (Exh. 2, ¶10). Thereby, upon motion, the Funds are entitled to entry of the balance owed against the Company and Dean Armato, Sr.

7. According to the Agreement, the judgment shall include all unpaid amounts plus attorneys' fees incurred in the Funds' efforts to seek compliance with the terms of the Agreement (Exh. 1, ¶5; Exh. 2, ¶10). The undersigned counsel has sent notice to the Company as specified in the Agreement and communicated with the Company's attorney, Elizabeth Bates of Springer Brown by email on June 8, 2015, sending notice of Plaintiffs' motion to reinstate the cause, adding Dean Armato, Sr. as an individual Defendant, and moving for judgment for the remaining balance on the Note, plus attorneys' fees.

8. Thus, Plaintiffs seek to reinstate this cause consistent with the Stipulated Notice of Voluntary Dismissal, permitting this Court jurisdiction for the purpose of enforcing the Parties' Agreement through September 30, 2016. (See Docket No. 15).

9. According to the affidavit of Rocco Marcello, the Funds' Field Representative, Armato Paving, Inc. failed to submit any of its Note payments since January 1, 2015, and the amount of $116,354.28 remains due to the Funds pursuant to the Agreement and the Note (See Affidavit of Rocco Marcello, Exhibit 5).

10. According to the undersigned's attached affidavit and fee report, the attorneys' fees incurred in the Funds collection efforts from the date of breach on December 6, 2014 to the present show the amount of $2052.00 is owed pursuant to the Parties' Agreement (See, Schumann Affidavit, Exhibit 6; Fee Report Exhibit 6A).

WHEREFORE, Plaintiffs request this Court enforce the Parties' Agreement, reinstating this cause, adding Dean Armato, Sr. as an individual defendant and entering judgment pursuant to the

Parties' Agreement, for the remaining amounts owed on the Note, covering the audited period of February 1, 2011 through April 30, 2014, and for reasonable attorneys' fees incurred by the Funds from the date of default in efforts to collect on the Note to date.

          Respectfully submitted,

          /s/Sara S. Schumann
          One of plaintiffs' attorneys

Karen I. Engelhardt
Sara S. Schumann
Allison, Slutsky & Kennedy, P.C.,
230 West Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400

June 8, 2015